## STATE v. WORONER.
### No. 4805.

Circuit Court, Dade County, Criminal Appeal.

October 29, 1959.

Harry W. Prebish, Prebish, DuVal & Foard, Miami, for the appellant.

Richard E. Gerstein, State Attorney, Roy S. Wood, Ass't. State Attorney, for the appellee.

JOHN J. KEHOE, Circuit Judge.

The appellant, hereinafter referred to as the defendant, was convicted in the metropolitan court of Dade County on a charge that he "did then and there own or keep four (4) canines which canines did by frequent or long continued noise, disturb the comfort and repose of one Paul Dixon".

This charge was for a violation of ordinance 58-5, section 21.07, subsection (3), which reads—

"Section 21.07. *Excessive unnecessary noise prohibited*— It shall be unlawful for any person to make, continue, or cause to be made or continued any loud, excessive, unnecessary or unusual noise. The following acts, among others, are declared to be loud, excessive, unnecessary or unusual noises in violation of this ordinance, but this enumeration shall not be deemed to be exclusive, namely:

(1) *Horns, signaling devices, etc.*\*\*\*

(2) *Radios, televisions, phonographs, etc.*\*\*\*

(3) *Animals, birds, etc.* The keeping of any animal or bird which by causing frequent or long continued noise shall disturb the comfort or repose of any person in the vicinity.

(4) *Steam whistles.*\*\*\*

(5) *Exhausts.*\*\*\*

(6) *Defect in vehicle or load.*\*\*\*

(7) *Schools, courts, churches, hospitals.*\*\*\*

(8) *Hawkers, peddlers.*\*\*\*"

To this charge, in the form of a docket entry, the defendant filed his motion to quash and/or motion to dismiss, the applicable grounds of which were—" 2. That Section 21.07, Ordinance Number 58-5 is unconstitutional."\*\*\* "4. That the averments in the warrant are insufficient and do not charge a violation of law."

The defendant also timely requested a jury trial, which request was denied.

At the trial, the evidence for the prosecution tended to show that the defendant for a considerable period, including the dates set out in the charge, kept in the yard of his home four or five dogs of various breeds and sizes which barked persistently and repeatedly at all hours of the day and night and that the noise of this barking interrupted the sleep of the complaining witness, a police officer and his family, who lived next door to the defendant; and also was heard by and disturbed other nearby neighbors, although the defendant introduced testimony of other neighbors that they heard the barking of the dogs and it did not disturb them.

The court found the defendant guilty, sentenced him to pay a fine of $25 and denied his motion for a new trial, which motion adequately covered the contentions of the defendant and adverse rulings of the court.

By his assignments of error, appellant properly brings before this court the following alleged errors, which the court considers germane—

1. The denial of the motion to quash.

2. The denial of defendant's request for trial by jury.

3, 4. Denial of the two motions for a directed verdict.

5. The finding of guilty.

6. The denial of the motion for a new trial.

The case was well briefed and argued orally before the court.

The denial of defendant's request for a trial by jury was not error as has been repeatedly decided in similar cases by this court, including this division.

The court is of the opinion, however, that subsection (3) of section 21.07, ordinance 58-5, quoted above, is, inherently and as applied to the defendant in this case, unconstitutional, and so holds.

It is the opinion and judgment of the court that subsection (3) of the ordinance is arbitrary and without reasonable basis in declaring by legislative fiat, in effect, an act which is, at worst, a private nuisance to be a public nuisance.

What disturbs the comfort or repose of one person in the vicinity need not be objectionable to others, but this subsection (3) of the ordinance makes it unlawful to keep any animal or bird

which might, by frequent or long continued noise, disturb the comfort of *any* person *in the vicinity*. This person, according to the ordinance, need not even be a resident of the vicinity. He could be someone passing by.

The fact that the barking of the dog, the crowing of the rooster or the squawking of the parrot which disturbs *one* person is made unlawful, gives to that person a weapon which he could maliciously use against his neighbor and, in fact, makes that one person the sole arbiter and censor of his neighbor's conduct and behavior. Such a legislative enactment, whether by a municipality or the board of county commissioners of Metropolitan Dade County, or, even, the state legislature, amounts to the deprival of a person's right to enjoy that which is his without due process of law. Phillips Petroleum Co. v. Anderson (Fla.), 74 So. 2d 544, 548.

This case and this appeal bring before the court only subsection (3) of section 21.07, of the ordinance in question. The court holds that this subsection can be stricken and eliminated without materially affecting the rest of the ordinance, and, without in any way passing upon or expressing its opinion as to the rest of the ordinance, the court holds subsection (3) to be unconstitutional and invalid, and that the conviction of the defendant from which this appeal is taken, was without due process of law for the reasons above stated and a violation of his constitutional rights.

It follows that the judgment and sentence appealed from must be and hereby are reversed, with directions to discharge the defendant.